22 C. C. P. A. (Patents)

YEASTIES PRODUCTS, Inc., v. GENERAL MILLS, Inc.

Patent Appeal No. 3402.

Court of Customs and Patent Appeals.
May 27, 1935.

Lester G. Budlong, of New York City, for appellant.

Paul, Paul & Moore, of Minneapolis, Minn. (A. C. Paul and Harold Olsen, both of Minneapolis, Minn., and Oscar W. Giese, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences dismissing the opposition of appellee and holding that appellant was entitled to the registration of the trade-mark "Yeasties," for use on a cereal breakfast food, comprising whole wheat and bran flakes, treated with yeast.

Appellant alleged in its application for registration, filed October 13, 1931, that it had used its mark on its product continuously since September 23, 1931.

Appellee submitted the testimony of two witnesses, in support of the allegations contained in its notice of opposition.

Appellant submitted no testimony.

It appears from the record that appellee is the owner of trade-mark registration No. 199,448, registered June 9, 1925, on an application filed December 5, 1924, by its predecessor, the Washburn-Crosby Company, consisting of the word "Wheaties," for use on a cereal breakfast food, comprising whole-wheat flakes and bran, treated with sugar, salt, and malt syrup, toasted and ready to eat; that it has expended vast sums of money, considerably over a million dollars in advertising its trade-mark "Wheaties" and its product over the radio, and in magazines, such as the Saturday Evening Post, American Magazine, Liberty, Colliers, Good Housekeeping, and various others, throughout the United States; and that its sales rose from 2,000,000 packages in 1925 to 31,000,000 packages in the "crop year" ending May 31, 1932.

It is evident that, although there are some differences in the goods of the parties, those of appellant being treated with yeast, and those of appellee not so treated, they, nevertheless, possess the same descriptive properties. Accordingly, the sole

question in the case is whether, considering the differences in the marks, together with the differences in the goods of the parties, the concurrent use by the parties of their respective marks upon their goods would be likely to cause confusion in the minds of the public and deceive purchasers.

If the marks are confusingly similar, as held by the Commissioner of Patents, appellant's mark is not entitled to registration. If, on the contrary, the marks are not confusingly similar, as held by the Examiner of Interferences, appellant is entitled to register its mark.

The Examiner of Interferences was of opinion that the dominant features of the marks of the parties were the words "Wheat" and "Yeast"; that such features of the marks were common words in the English language, familiar to all, and were sufficiently dissimilar in sound, appearance, and meaning, so that the addition to each of the diminutive suffix "ies" would not change the character of the marks sufficiently to make them confusingly similar within the meaning of section 5, of the Trade-Mark Act of February 20, 1905 as amended (15 USCA § 85); and that, therefore, appellant was entitled to register its mark.

The Commissioner of Patents, on the contrary, was of opinion that, considering the marks as a whole, the goods upon which they were used, and the people to whom, and the places where, such goods were sold, the concurrent use of such marks would be likely to cause confusion in the trade, and, accordingly, reversed the decision of the Examiner of Interferences, sustained the opposition of appellee, and held that appellant was not entitled to the registration of its mark.

The witness George E. Stilson, assistant secretary and assistant treasurer of Gold Medal Foods, Incorporated, a subsidiary of appellee, stated that the trade-mark "Wheaties" suggested a food in which "wheat is the principal element"; that "Yeasties" was suggestive of yeast, but not of wheat; and that, although the words "Wheat" and "Yeast" are not confusingly similar, the addition of the suffix "ies" made the trade-marks "Wheaties" and "Yeasties," considered as a whole, confusingly similar.

It has been repeatedly held by this court that the question of whether there is likelihood of confusion by the concurrent use of two trade-marks on goods of the same descriptive properties should be determined by a consideration of the marks as a whole, and, although counsel for each of the parties agree that such is the law, each proceeds to dissect the marks, one to show confusing similarity between them, and the other to show that there is no such similarity.

It is evident from the record, and no claim is made to the contrary, that appellee is not the exclusive owner of the suffix "ies." Accordingly, if the word "Yeast," of appellant's mark, is sufficiently dissimilar with the word "Wheat," of appellee's mark, so that, when considered as a whole, the marks are not confusingly similar, appellant is entitled to the registration of its mark. For a discussion of a somewhat similar problem, see the case of Celotex Co. v. Chicago Panelstone Co., 49 F.(2d) 1051, 18 C. C. P. A. (Patents) 1504.

It is perfectly obvious that, with the exception of the suffix "ies," the marks differ greatly. More than that, when considered as a whole, they differ considerably in appearance, sound, and meaning. The mark "Yeasties," of course, suggests a yeast product; whereas, the mark "Wheaties," as stated by the witness Stilson, who testified for appellee, suggests a product in which wheat is the principal element.

It is true that the goods of the parties possess the same descriptive properties; nevertheless the addition of yeast to appellant's product differentiates it from that of appellee. Appellant's mark suggests a yeast product, and not a product of which wheat is the principal element.

We are of opinion, therefore, considering the marks as a whole, that they differ greatly in appearance, sound, and meaning; that their concurrent use on the goods of the respective parties is not likely to cause confusion in trade; and that appellant is entitled to the registration of its mark.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.