28 C.C.P.A.(Patents)

## In re HARTUNG.

### Patent Appeal No. 4500.

Court of Customs and Patent Appeals.
July 2, 1941.

Rehearing Denied Oct. 6, 1941.

530

A. A. Orlinger, of Philadelphia, Pa., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting, for want of patentable distinction over an interference issue, claims 1, 3, 5 and 26 of an application for a patent for new and useful improvements in alkyl catechols. The rejected claims are for alleged new products. Six method claims were allowed.

The rejected claims read as follows:

"1. As new products, alkyl catechols with more than three and not more than eight carbon atoms in the side chain."

"3. As new products, compounds of the class consisting of normal and isoamyl catechols."

"5. As new products, normal heptyl catechols."

"26. Alkyl catechols containing 8 carbon atoms in the alkyl radical."

The application was involved in an interference, requested by appellant, with a patent to Lucas P. Kyrides, No. 2,067,452, which issued January 12, 1937, upon an application, serial No. 569,861, filed October 19, 1931. Appellant copied claim 1 of the patent which became the only count in the interference and which reads as follows: "Count 1. An orthodihydroxybenzene composition embodying a hexyl group which group is joined to the benzene nucleus."

In that interference the junior party, appellant here, conceded priority of invention to Kyrides, the patentee, and accordingly Kyrides was awarded priority of invention of the subject matter there in issue.

The invention here relates to alkyl catechols to be used as antiseptics in pharmaceutical preparations and in antiseptic compositions.

The Primary Examiner, in his decision, set out the chemical equations showing the steps in the processes disclosed in appellant's application and the count which was in issue in the interference, and then stated:

" * * * Thus it is evident that the issue was restricted to the hexyl (6 carbon atom) derivative. The interference terminated in favor of the party Kyrides. The examiner considers that claims 1, 3, 5 and 26 are not patentable over the issue of the interference which involved hexyl catechol, that is catechol having an alkyl group of 6 carbon atoms attached to the nucleus. Claim 1 is specific to alkyl catechols having 4 to 8 carbon atoms in the alkyl group. Claim 3 is specific to amyl catechols—5 carbon atoms in the alkyl group. Claim 5 is specific to heptyl catechols—7 carbon atoms in the alkyl group. Claim 26 is specific to alkyl group having 8 carbon atoms in the alkyl group. * * *"

He then set out the structural formulas showing the similarity between the hexyl compound of the interference and the compounds disclosed in the rejected claims, and pointed out that: "It is to be noted that claim 1 is drawn to alkyl catechols having 4 to 8 carbon atoms in the alkyl group. The claim therefore includes hexyl catechols. Applicant has lost the right to claim hexyl catechols to the party Kyrides. Thus it is considered that applicant has lost all right to claim compounds which he has declared to be full equivalents to hexyl catechols. Claim 1 is admittedly not worded in 'Markush' form, however it clearly sets up an artifical genus to cover alkyl catechols wherein the alkyl group contains 4 to 8 carbon atoms. By the use of such an artificial genus, applicant tacitly admits the full equivalency of the various members of the group. That is, he, in effect, states that butyl catechols, amyl catechols, hexyl catechols, heptyl catechols, and octyl catechols are the equivalents of one another. Thus, since he is not entitled to the hexyl derivative, he is not entitled to the artificial genus nor to the specific members thereof. * * *"

He held that the difference between the carbon content of the hexyl group (6 carbon atoms) which was the issue in the interference and the carbon content shown here in claim 3 (5 carbon atoms), claim 5 (7 carbon atoms) and claim 26 (2 carbon atoms) did not represent a change involving invention, the difference being merely in degree and not in kind.

The Board of Appeals affirmed the decision of the Primary Examiner, holding the appellant here to be in the same position as the appellant was in the case of Ex parte Harris, 44 U.S.P.Q. 45. In drawing the

parallel between the two cases, the board said of the Harris case: "On this question, it is believed that the examiner's position is correct. Attention is given to the case of Ex parte Harris, 44 U.S.P.Q. 45. In this case, the appellant was involved in an interference on a count on one of the species containing six to fourteen carbon atoms. In this interference the appellant though the senior party, abandoned the contest and it was held, in substance, that this abandonment should be construed similarly to a concession of priority with respect to the particular species. It was further held that a single species within a generic or Markush type claim is obviously sufficient to defeat a generic claim which includes such species. It was pointed out in that case that while the claims were drawn in generic form, they were, in effect, claims to a comparatively small number of definite species and that inasmuch as the application disclosed no character of the subgroup by which the group as a whole could be distinguished from the more comprehensive group, it must be regarded as a mere equivalent of the individual species."

The issue here is whether the species of catechols defined by the claims are patentably distinct from the six carbon atom species of the patent, or whether they are merely equivalents.

Appellant, in his brief, contends that the product claim of the Kyrides patent (the count of the interference) is for a "composition" and that the claims herein specify "definite compounds." It is not shown in the record here that appellant has controverted the statement of the examiner in his final rejection that "Applicant has lost priority with respect to the 6-carbon compound in the Kyrides interference." This contention was not presented to the Board of Appeals and cannot be considered here. In re Davis, 103 F.2d 922, 26 C.C. P.A., Patents, 1249.

It is clear that appellant was not the first inventor of the catechol which carries six carbon atoms on the side chain. It also seems clear to us that there is nothing in the rejected claims that calls for anything but equivalents of that catechol. Appellant, in his specification, appears to teach that very thing in the following language:

"The alkyl catechols which have four, five, six and seven or more carbon atoms in the side chain and particularly hexyl catechol [having six carbon atoms], have relatively high phenol coefficients. The invention includes the use of these alkyl catechols as antiseptics in pharmaceutical preparations and in antiseptic compositions containing one or more of the alkyl catechols which have a relatively high phenol coefficient.

\* \* \*

"The alkyl catechols, particularly the alkyl catechols containing more than three carbon atoms in the side chain, are valuable as antiseptics. They may be incorporated in lotions, salves, ointments, gargles, sprays, etc., in admixture with a variety of other chemicals, including appropriate pharmaceutical preparations."

Even if the various species of catechols here involved are not equivalents, as contended by appellant, no showing to that effect has been made by him. The holding that they are equivalents could have been challenged below by appellant, but was not, and under the circumstances we think the case of In re Schultz et al., 104 F.2d 384, 26 C.C.P.A., Patents, 1287, is controlling. Accordingly we hold there is nothing in the record to show that the board erred in holding the various species of catechols here involved to be equivalents.

For the reasons stated herein the decision of the Board of Appeals is affirmed.

Affirmed.