32 C.C.P.A. (Patents)

Application of RETAIL CLERKS INTERNA-
TIONAL PROTECTIVE ASS'N.

Patent Appeal No. 4991.

Court of Customs and Patent Appeals.
April 9, 1945.

Douglas B. Maggs, of Washington, D. C., and Charles A. Reynard, of Cleveland, Ohio, for Walling, Adm'r.

Paxton & Seasongood, of Cincinnati, Ohio, for Crown Overall Mfg. Co.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

154

Lester L. Sargent, of Washington, D.C., for appellant.

W. W. Cochran, of Washington, D.C. (R. F. Whitehead, of Washington, D.C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellant appealed from a decision of the Commissioner of Patents, 59 U.S.P.Q. 99, affirming that of the Examiner of Trade-Marks denying registration under the provisions of the Trade-mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., of a mark for "advertising leaflets issued from time to time" and for "display cards which are not sold but leased to local un-ions."

The mark was held registrable as applied to certain other goods included in appellant's application as amended.

The mark sought to be registered consists of two concentric circles between which are the words "Retail Clerks Union." Within the inner circle is a star, the five points of which touch its circumference. In the inner angles of the star appear the letters, R, C, I, P, A, and inscribed in the star is another circle. The letters indicate Retail Clerks International Protective Association.

The mark is a facsimile of the badge or insignia of appellant and is applied to ornamental display cards which are cards leased by appellant to local unions for display in stores to indicate that the store employs no clerks except members of the appellant, and on advertising leaflets distributed by appellant.

The examiner, and on appeal the commissioner, refused registration of the mark as applied to the display cards for the reason that its registrability as to those goods was held res judicata under the commissioner's decision in Ex parte Retail Clerks International Protective Association, 39 U. S.P.Q. 452. In that case the mark sought

to be registered was identical with that herein except that in the innermost circle there was a representation of clasped hands. That decision became final when this Court dismissed an appeal therefrom as not having been timely filed. 108 F.2d 1008, 27 C.C.P.A., Patents, 875.

Since the appeal in the former case was dismissed as having been filed after the statutory filing period expired, it is final and has the same effect as though no appeal had been taken. In our opinion the doctrine of res judicata is as applicable to the trade-mark law as it is to patent law. In the latter this doctrine was held to be applicable in this jurisdiction. Barratt's Appeal, 14 App.D.C. 255; In re Edison, 30 App.D.C. 321; In re McKee, 96 F.2d 294, 25 C.C.P.A., Patents, 1064.

It is true, as stated by appellant, that the mark sought to be registered is somewhat different from that of the prior application and as it originally appeared in its present application. We think that the omission of the representation of the clasped hands from the former mark does not render the decision of the commissioner in the prior case inapplicable to the mark herein. It is in the instant case the insignia of the appellant and is displayed on cards in the same manner as in the former case. In that case the commissioner held that the insignia had no other significance than to indicate that the place of business in which it was displayed was serviced by the association in connection with certain labor union matters, and that as applied to the card it was not as a trade-mark for the card itself as an article of commerce. We agree with the decisions of the Patent Office that the doctrine of res judicata was properly applied here.

As to the "advertising leaflets," it is not contended by appellant that the goods were properly set forth in its application, but it urges in its brief that the Court permit an amendment canceling the word "advertising."

This Court has held in patent cases that it will not decide questions or rule on matters which were not first before the Board of Appeals before being presented to the Court. In re Hartung, 121 F.2d 529, 28 C.C.P.A., Patents, 1364; Bramley et al. v. Beese, 132 F.2d 1001, 30 C.C.P.A., Patents, 771. We think the same rule must apply in appeals from the refusal to register a trade-mark.

Appellant in its appeal to the commissioner apparently offered to amend its statement as to the description of the leaflets. In this connection the commissioner stated that even had the description been made sufficiently clear and definite the goods were leaflets distributed by the association to advertise its own service and the use of the insignia on such leaflets would not present a proper reason for registration. In any event there-is no reason of appeal challenging the refusal of the commissioner to enter such amendment.

The decision of the commissioner is affirmed.

Affirmed.