36 C.C.P.A.(Patents)

**Application of SAWYER.**

**Patent Appeal No. 5559.**

United States Court of Customs and Patent Appeals.

April 12, 1949.

Pennie, Edmonds, Morton & Barrows, of New York City (W. B. Morton, of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of three examiners in their final rejection under "Dual Prosecution" of claims 8 to 15, inclusive, in appellant's application for the reissue of his patent No. 2,319,267. Claims 1 and 2 have been allowed. Those two claims, drawn to a product, namely, "An individual multilayer fibrous article of dished shape," are identical in terms with the two claims of the patent which is sought to be reissued.

Appellant alleges that the claims here in issue should have been included in the original application but were omitted therefrom through inadvertence, accident or mistake. Claims 8, 12, and 13 are illustrative and sufficiently descriptive of the involved subject matter. They read:

"8. The method of making an individual multi-layer fibrous article of dished shape which consists in die-molding from an aqueous pulp mixture containing a substantial amount of fibre and a water-insoluble uncured resin destributed uniformly throughout said mixture, a body layer of substantially the shape of the finished article, die-molding from an aqueous fibre pulp mixture, a finishing layer of complemental size and shape, impregnating said finishing layer with uncured resin dissolved in a solvent in an amount such that the proportionate amount of resin to fibre in the finishing layer is appreciably greater that the proportionate amount of resin to fibre in the body layer, drying said layer, superimposing the body layer and the finishing layer, and compacting the superimposed layers under heat and pressure between dies of substantially the same shape as the forming dies to an extent such that the resin is uniformly cured throughout said layers and a cured resin bond is formed between the finishing layer and the body layer and a hard smooth enamel-like finish is imparted to the exposed surface of the finishing layer.

"12. In the method of making individual dish-shaped articles of fibre and resin wherein the article is finished in heated dies under pressure, the steps which consist in preparing an aqueous suspension by beating together in water paper pulp and finely ground, dry, water-insoluble resin until the resin and fibre are uniformly distributed throughout said mixture and suction-die molding from said suspension a pre-form of sustantially the shape and size of the finished article but of greater thickness.

"13. An individual molded pulp article of generally dish shape and of substantially uniform composition throughout, consisting of a loosely felted and porous compressible mass of fibers die-molded in such dish shape from an aqueous suspension of fibers and discrete particles of uncured plastic material curable by heat, in which the resin particles are substantially uniformly distributed among the fibers, and in which said discrete particles of uncured plastic material are in direct contact with the fibers and retained by them."

The cited references are: Peabody 1,083,755 Jan. 6, 1914; Baekeland 1,160,362 Nov. 16, 1915; Perry 1,305,404 June 3, 1919; Redman et al. 1,551,428 Aug. 25, 1925; Ellis 1,900,699 Mar. 7, 1933; Nevin 2,068,926 Jan. 26, 1937; Ellis 2,092,502 Sept. 7, 1937; Burmeister 2,137,155 Nov. 15, 1938; Carter 2,237,048 Apr. 1, 1941.

A companion application previously filed by appellant was involved in an interference proceeding with the application upon which the reference patent to Carter was issued. That interference terminated ad-

versely to appellant and his application therein involved was subsequently abandoned. Prior to the declaration of said interference, a second application, not reproduced in the record, was filed by appellant, and upon that application was granted the patent here sought to be reissued.

The Board of Appeals selected and relied solely upon the patent to Redman et al. as representative of the disclosures of all the references, other than the patent to Carter. Accordingly, only those two patents will be here discussed.

The patent to Redman et al. shows the use of a finely powdered resin, preferably to pass 100 mesh, with a pulp slurry. The fiber in water suspension is beaten together with a phenol resin and a hardening agent. The paper which is formed may be applied in any molding operation and, as described in the specification, "is especially suited for the manufacture of laminated products, the superposed sheets, to the desired number, being consolidated by hot-pressure in the hydraulic press in the standard manner."

The patent to Carter discloses that the object of his invention is to produce molded articles having a raised rim or of hollow formation, such as plates, trays, cups, etc., capable of being molded out of fibers and plastic substances, including resins. Carter makes reference to his previous patent, No. 2,027,090, the disclosed procedure of which he prefers to follow. He states with respect thereto that

"In brief, the method of said patent causes the resin to be introduced into the pulp in small particles, enables the particles to be uniformly mixed and dispersed among the fibers, and causes the dispersion to remain substantially the same during the process of forming the pulp into the approximate shape of the article to be made. * * *"

The patentee further discloses that it may be desirable in many cases to place two or more of the pulp formations together in the final mold to obtain a multilayer article, and to apply a coating of powdered or liquid resin on the surfaces of the preformed article before final molding in order to form a smoother surface than would be obtained otherwise. The

patentee shows that his plastic is insoluble in water, that he uses the same kind of resin, formaldehyde-phenolic, and in the same powdered condition, as does appellant, in forming a dished shape article by molding a resin containing pulp to produce a preform.

There are but two claims, Nos. 1 and 2, in the patent to Carter and each claim is drawn to "An individual resin-bearing molded fibrous pulp article of dish shape and of substantially uniform composition throughout." Claim 2 of the patent to Carter, in accordance with his specification, contains the specific limitation of "a loosely felted fibrous structure with the uncured powdered resin substantially uniformly distributed within the interstices thereof and retained thereby."

Nine separate, though not distinct, rejections were entered by the three examiners in the rejection of the eight appealed claims. The board discussed and affirmed the rejection of such claims, although the board found that the rejections on certain stated grounds were erroneous, and specifically reversed the examiner as to those rejections.

The board, among other things, sustained the rejection of method claims 8, 9, 11, and 12 as directed to an invention different from that defined in article claims 1 and 2 in the patent sought to be reissued.

Appellant contends that the board has confused substance and form and has erred in sustaining the rejection of claims 8, 9, 11, and 12 "apparently because they are in the form of method claims and not article claims"; that the difference between the patented article claims and the method claims here in issue is solely a difference in form which cannot be regarded as defining separate inventions; and that in order for appellant's invention to be adequately protected both the method and the article claims should be here allowed.

■ Appellant had the burden to establish that the claiming of the subject matter now sought to be incorporated in the reissue application was omitted from the original application through inadvertence, accident or mistake, since the reissue statute does not permit the reissuance of a patent

to include matters evidently not intended to be incorporated in the original application. In re Murray, 77 F.2d 651, 22 C.C.P.A., Patents, 1196. The Supreme Court also has unanimously ruled that "it is not enough that an invention might have been claimed in the original patent because it was suggested or indicated in the specification. It must appear from the face of the instrument that what is covered by the reissue was intended to have been covered and secured by the original." United States Industrial Chemicals v. Carbide & Carbon Chemicals Corp., 315 U.S. 668, 676, 62 S.Ct. 839, 844, 86 L.Ed. 1105. See also Parker & Whipple Co. v. Yale Clock Co., 123 U.S. 87, 99, 8 S.Ct. 38, 31 L.Ed. 100; and Flower v. City of Detroit, 127 U.S. 563, 571, 8 S.Ct. 1291, 32 L.Ed. 175.

With respect to method claims 8, 9, 11 and 12, the board in its decision made the following statement, which appellant has not successfully challenged, that "while it is true that the product claims of the patent have numerous process limitations, the fact remains that they recite a product and the limitations which are of vital significance therein, e. g. the limitations with reference to the shape of the article, are practically without any significance in the method claims. Furthermore, it appears clear that the appellant never intended to claim the process in the application which resulted in the patent because he never presented process claims therein while in his application serial No. 211,040, filed May 31, 1938, which was involved in interference with the Carter application and in which he was claiming subject matter very similar to the subject matter claimed in the case at bar, he presented both product and process claims. His failure to present method claims was in our opinion deliberate and the resulting alleged defect in the patent cannot therefore be cured by reissue. In re Murray, 1935 C.D. 560; 22 C.C.P.A., Patents, 1196, 77 F.2d 651."

The rejection of claims 10, 13, 14, and 15 was sustained on the ground of estoppel, under the provisions of rule 109 of the Rules of Practice in the United States Patent Office, 35 U.S.C.A.Appendix. The board in its decision pointed out that "these claims read directly on Carter since the resin particles are uniformly distributed throughout the fibers in the preform of this patent," and that appellant had failed to move the addition of those claims when his application, serial No. 211,040, was in interference with the Carter application. The board also sustained the rejection of claim 12 on the same ground, and pointed out that since the claim was "completely anticipated by Carter," its addition to the interference hereinbefore described should also have been moved under rule 109.

The board having correctly found that claims 10, 13, 14, and 15 "read directly on Carter," made no error in sustaining their rejection in accordance with the provisions of rule 109, supra. The same rule also applies to claim 12. See Avery v. Chase, 101 F.2d 205, 26 C.C.P.A., Patents, 823. See also Winkelmann v. Calvert, 154 F.2d 1012, 33 C.C.P.A., Patents, 1206. Moreover, the board in affirming the rejection of claims 10, 13, 14, and 15 as met by the patent to Carter, acted within the rule established by this court that such a patent may be used alone or in combination with other references in the rejection of claims. See In re Walker et al., 99 F.2d 976, 26 C.C.P.A., Patents, 739.

The board also sustained the further rejection of claims 8, 9, and 11 on the grounds of aggregation, and as unpatentable over the disclosure of the patent to Ellis; and claim 12 as unpatentable over the patent to Carter, and as unpatentable over the patent to Redman et al., in view of the patent to Carter. We have examined those respective grounds of rejections, together with the arguments which appellant has presented in connection therewith. We find no proper basis, however, for overruling the decision of the board with respect thereto.

There are other rejections set forth in the record, but in view of the conclusions hereinbefore expressed, it is deemed unnecessary to discuss additional grounds of rejection or additional arguments presented in this appeal by counsel for appellant. The decision of the board is accordingly affirmed.

Affirmed.