38 C.C.P.A. (Patents)

## COTY, Inc. v. PERFUMES HABANA, S. A.

### No. 5806.

United States Court of Customs and Patent Appeals.

June 26, 1951.

Worley, J., dissented.

Robert I. Dennison, Washington, D. C., (S. Stephen Baker, New York City, of counsel), for appellant.

No appearance for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges.

O'CONNELL, Judge.

The questions of law presented for determination in this appeal by the unsuccessful opposer from the decision of the Commissioner of Patents, 83 U.S.P.Q. 438, reversing that of the Examiner of Trade-Mark Interferences in an opposition proceeding, are identical with those presented in the controversy between the same parties in the companion appeal, 190 F.2d 91 decided concurrently herewith.

The opposition is based upon the same three marks and the prior registrations thereof by appellant-opposer described in the companion appeal; namely, "Lorigan," "L'Origan," and "L'Origan," with the pictorial feature of a leaf, registered August 5, 1924, for use on identical goods, or goods of the same descriptive properties, for which the applicant sought to register its mark.

The record discloses that on July 7, 1945, the applicant hereinbefore described filed an application for another mark for use on the same kind of goods. The applicant's second mark, as shown in the accompanying drawings, likewise consisted of four parts: a box frame or outline within which the words "fleurs de" are printed above a pictorial feature of two leaves, beneath which is the word "Cherigan" in printed script. The leaves of the applicant's mark are substantially identical with the leaf or leaves in the specimens of its marks submitted by appellant with its notice of opposition.

The examiner in the second proceeding held that the words "fleurs de" were merely the French equivalent for the English words "flowers of" and possessed little if any trade-mark significance; that purchasers would rely on the word "Cherigan" in calling for and identifying the source of applicant's products; and that that word, for the reasons stated in the companion opposition, was confusingly similar to appellant's mark "L'Origan," with or without the accompanying leaf. The examiner

further held that the applicant was not entitled to register its second mark.

The commissioner in reversing the examiner's decision in the second proceeding, 83 U.S.P.Q. 438, relied upon his comments and conclusions in the first case. This court, in turn, hereby reverses the decision of the commissioner in the second proceeding, for the reasons set forth in our decision in the companion appeal.

Reversed.

WORLEY, Judge, dissents.