AMERICAN PRODUCTS CO. v. LEONARD.

Patent Appeal No. 2804.

Court of Customs and Patent Appeals.

Dec. 7, 1931.

Walter F. Murray and Frank L. Zugelter, both of Cincinnati, Ohio (Charles D. Davis, of Washington, D. C., of counsel), for appellant.

Frederick S. Stitt, of Washington, D. C. (Watson E. Coleman, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee filed his application in the United States Patent Office for registration of his trade-mark "Zeno," used in connection with the sale of a dentifrice, on July 19, 1928. Appellant opposed this registration, alleging probable confusion in trade with its registered trade-mark "Zanol," used on a line of chemical, medical, and pharmaceutical supplies, including dentifrices, long prior to any use of its mark by appellee. The opposition was dismissed by both tribunals in the Patent Office, and registration was awarded to the applicant. The appellant opposer has appealed.

No question is raised here that the goods are not of the same descriptive properties. This therefore will be taken as conceded. Nor is there any contention made here that the trade-mark "Zona," previously registered to a third person, affects the issue in any way. The sole and only question, therefore, is: Are the marks confusingly similar?

We are unable to escape the conviction that they are. The words may be pronounced in almost the same way. If the e in "Zeno" is given the sound of e as in "prey," and the a in "Zanol" is given the sound as in "brake," but little difference will be ordinarily distinguished. As was well said by the witness Clarence M. Mills: "There is no such thing as a correct pronounciation for a trade-mark. It is pronounced in different ways by different people."

The ordinary purchaser might well be confused as to the origin of the goods by such a similarity of sound and appearance. This confusion would not be obviated by the fact that one of these parties usually prints its trade-mark with a paraph extending underneath and the other does not. If such confusion is likely to exist, the opposition should be sustained and the registration denied.

The following cases indicate the views of this court in similar cases. Rotex Surgical App. Co. v. Kotex Co., 44 F.(2d) 879, 18 C. C. P. A. (Patents) 746; Cluett, Peabody & Co. v. Wright, 46 F.(2d) 711, 18 C. C. P. A. (Patents) 937; U. S. Gypsum Co. v. Plastoid Prod., 46 F.(2d) 580, 18 C. C. P. A. (Patents) 954; Celanese Corp. of America

v. Vanity Fair, etc., 47 F.(2d) 373, 18 C. C. P. A. (Patents) 958; Celotex Co. v. Millington, 49 F.(2d) 1053, 18 C. C. P. A. (Patents) 1484.

The decision of the Commissioner of Patents is reversed, and an order will be entered sustaining the opposition and denying registration.

Reversed.