SNAP–ON TOOLS CORPORATION v. BLACK & DECKER MFG. CO.

Patent Appeal No. 5034.

Court of Customs and Patent Appeals.

June 25, 1945.

Harry C. Alberts, of Chicago, Ill., for appellant.

Thomas W. Y. Clark, of Washington, D. C. (Edwin F. Samuels, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge. ·

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents (60 USPQ 380) affirming the decision of the Examiner of Interferences sustaining appellee's notice of opposition and holding that appellant was not entitled to register the mark "Speedi-Centric" for use on "valve reseating apparatus, portable valve grinding machines, grinding wheel dressing machines, valve grinding stone sleeves, valve grinding stone holders, valve grinding sleeves, and valve grinding pilots" under the Trade-Mark Act of February 20, 1905.

It appears from the record that appellant has used its mark on its goods since about May 1940.

In its notice of opposition appellee alleged that it was the owner of the trade-mark "Vibro-Centric" for use on portable electric valve seat grinding machines, and parts thereof, and valve seat grinding stone sleeves; that it has used its mark on its goods since May 1933; that it is the owner of trade-mark registration No. 306,961, issued October 10, 1933, for the trade-mark "Vibro-Centric" for use on electric portable valve seat grinders and parts thereof; that the marks of the parties are confusingly similar; and that it would be damaged by the registration of the mark "Speedi-Centric" to the applicant (appellant).

Evidence was introduced by each of the parties.

It is conceded by counsel for appellant that the goods of the parties possess the same descriptive properties, and that appellee was the first to use its mark on its goods. Accordingly, the sole issue to be determined is whether appellant's mark "Speedi-Centric" and appellee's mark "Vibro-Centric" are confusingly similar.

It appears from the record that the portable tools of the parties are used for precisely the same purpose, that is, the grinding of valve seats in automobile and other engines to restore the surfaces of such valve seats to their original condition; that the tools ·of the parties operate in substantially the same manner, the only material difference being that appellee's tool is so designed and arranged that during the grinding operation it is automatically lifted from the valve seat in order that abraded material may be removed therefrom, whereas appellant's tool must be manually lifted to remove the abraded material; and that there are two types of valve grinding tools, the concentric type, like those here involved, in which "the grinding wheel," as stated by appellant's witness W. Walter Daniel, assistant secretary of the appellant company, "is mounted in a concentric manner and grinds the full perifery [periphery] of the valve seat," and the eccentric type in which the "grinding wheel * * * is mounted eccentrically and results in only a portion of the grinding wheel coming in contact with the seat at one time."

It further appears from the record that appellee advertises its portable grinding tool under its trade-mark in automotive trade papers and other publications; that it has expended approximately $60,000 in such advertising; that its product is sold throughout the United States and in foreign countries; that it is sold to automotive and other jobbers, who in turn sell to garage owners and mechanics; that it employs so-called "field salesmen," who contact garage owners and mechanics and who are accompanied by so-called "jobber salesmen" who make the actual sales; that appellant also advertises its product in automotive trade papers; and that its product, as stated by appellant's witness

434

Daniel, is sold to garage owners and mechanics "exclusively through our own branch warehouses and the salesmen that are employed by the branches."

It is evident from what has been said that the ultimate purchasers of the tools of each of the parties are garage owners and mechanics, although it appears from the record that appellee's product is also sold to some extent of manufacturers of automobile and other engines.

Appellant introduced evidence for the purpose of establishing that the term "Centric" was understood in the trade as meaning concentric, and that it described a tool of the concentric type, that is, one which is mounted in a concentric manner and which grinds the full periphery of the valve seat, as distinguished from the eccentric type of grinding tool hereinbefore described. However, appellee's witnesses who testified on that subject stated that the suffix "Centric," in appellee's mark, did not mean to them that appellee's tool was of the concentric type, but rather that it originated with appellee.

It was apparently contended by counsel for appellant before the tribunals of the Patent Office, as it is contended here, that the suffix "Centric" in each of the involved marks is merely descriptive of the type of portable tool on which the marks are used; that, therefore, the suffix "Centric" is publici juris and cannot be considered as the dominant feature of either of the marks; and that considering the difference in the prefix "Vibro" in appellee's mark and the prefix "Speedi" in appellant's mark, together with the other related facts of record, the concurrent use of the marks of the parties on their goods would not be likely to cause confusion in the mind of the public or deceive purchasers.

With reference to the descriptiveness of the suffix "Centric" appearing in each of the involved marks, the Examiner of Interferences stated in his decision that he was of opinion that the term "Centric" was merely suggestive, but that if it should be held to be descriptive, the prefix "Speedi" in appellant's mark was also descriptive and, therefore, as appellant's mark would be merely descriptive of the goods on which it was used it would not be registrable. The Examiner held that the marks of the parties were confusingly similar and, accordingly, sustained appellee's notice of opposition.

On appeal, the Commissioner of Patents stated that if the suffix "Centric" in each of the involved marks was descriptive, the prefix "Speedi" in appellant's mark was also descriptive, and that if the views of counsel for appellant were to be adopted it would be necessary to hold that appellant's mark was merely descriptive of the goods on which it was used and, therefore, was not registrable. The Commissioner stated, however, that he was of opinion that the suffix "Centric" was highly suggestive, but was not descriptive, of the goods on which the marks were used; that the goods of the parties were substantially identical; that the marks were confusingly similar, and, accordingly, affirmed the decision of the Examiner of Interferences.

It is contended here by counsel for appellant that the goods of the parties are functionally different; that the respective trademarks suggest those differences; that, in the operation of appellee's tool, there is audible vibration "each time" the tool automatically "lifts and again contacts its seat"; that appellant's tool, which is manually lifted from time to time to clear the abraded material from the valve seat, is lacking in such vibration; that the suffix "Centric" in each of the involved marks is an ordinary English word and means that the grinder wheels of the tools of the parties rotate about a fixed axis; that such meaning is so understood by mechanics; that the term is merely descriptive of the type of tool here involved; and that, therefore, the suffix "Centric" cannot be considered as the dominant feature of the marks in question. It is further contended that the dominant features of the marks of the parties are the prefixes, "Speedi" in appellant's mark and "Vibro" in appellee's mark, and that those terms are so dissimilar that when the marks are considered in their entireties they are not confusingly similar.

It appears from the testimony of appellant's witness William F. Holz, employed by appellant as sales promotion manager, that it was he who suggested the trademark "Speedi-Centric" for appellant's device; that he suggested the prefix "Speedi," as he stated, "to describe the fact that it [appellant's valve grinding tool] was fast"; and that the suffix "Centric" was adopted as a part of the mark "to show that" appellant's tool "ground the valve seats concentrically, or through the true center of the valve stem."

Appellant's witness George M. Walraven, employed by the appellant company as chief

engineer, stated, with reference to the meaning of the prefix "Speedi" in appellant's mark, that "we are not trying to describe that the motor itself is fast. We are trying to describe the fact that the tool will do a speedy job."

The witness W. Walter Daniel, testifying for appellant with regard to the meaning of the prefix "Speedi" in appellant's mark, stated that "it refers to the speed in which a valve seat can be ground, primarily. It does not necessarily indicate that the motor itself operates at high speed, but rather that the valve seat can be ground in a very speedy manner."

In its advertisements for its "Speedi-Centric" valve grinding tool, appellant states that it operates at high speed and that it is "the fastest and most accurate set you can buy * * * at any price." (Appellant's Exhibit No. 4.)

It would seem to be obvious from the record that the prefix "Speedi" in appellant's mark, which is merely a misspelling of the common dictionary term "speedy," was intended to be, and is, merely descriptive of one of the claimed features of appellant's portable valve grinding tool. Accordingly, it would not to any degree indicate to the purchasing public the origin of appellant's goods and, therefore, cannot be considered the dominant feature of appellant's mark.

Should it be assumed for the purpose of this decision that the suffix "Centric" is descriptive of the tools of the parties, it is obvious that appellant's trade-mark "Speedi-Centric" is merely descriptive of appellant's tool and, therefore, is not registrable under the Trade-Mark Act of February 20, 1905.

■ We have given the question of the descriptiveness of the suffix "Centric" in each of the involved marks careful consideration, and are of opinion that while it may be suggestive, it is not descriptive, of the concentric type of tools to which the marks are applied.

The term "centric" is defined by the lexicographers as follows:

"adj. 1. Placed in or at the center or middle; central. 2. Of, pertaining to, or characterized by, a center; having its parts grouped round or directed to a center * * *." Webster's New International Dictionary.

"a. 1. Central; centrally situated; belonging to or described around a center." Funk & Wagnalls New Standard Dictionary.

The term "concentric" is defined as follows:

"adj. 1. Having a common center, as circles or spheres, one within another; —opp. to eccentric. n. That which has a common center with something else." Webster's New International Dictionary.

"a. 1. Having a common center, as spheres or circles: said loosely of any curves that are parallel or nearly so." Funk & Wagnalls New Standard Dictionary.

It is apparent from the quoted definitions that the terms "centric" and "concentric" do not have precisely the same meaning, and that the term "centric" is not descriptive of the so-called "concentric" type of valve grinding tool. We are of opinion that the most that can be said is that the term "centric," as used in appellee's trade-mark, is suggestive of the fact that appellee's valve grinding tool is designed to grind valve seats concentrically.

It seems strange indeed that if, as stated by appellant's witness Holz, appellant desired to adopt a trade-mark that would describe its tool as being of the concentric type and of high speed it did not adopt the mark "Speedi-Concentric," rather than to appropriate the term "Centric," an important, if not the dominant, feature of appellee's registered mark.

■ We are of opinion that one familiar with appellee's portable valve grinding tool and its trade-mark "Vibro-Centric," seeing the trade-mark "Speedi-Centric" on appellant's tool, would be likely to believe that appellant's tool was the product of appellee; that the marks of the parties are confusingly similar; and that appellant is not entitled to have its mark registered.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Associate Judge, concurs in the conclusion.