**33** C.C.P.A.(Patents)

### Application of BROCKWAY GLASS CO., Inc.

### Patent Appeal No. 5090.

Court of Customs and Patent Appeals.

April 1, 1946.

Bean, Brooks, Buckley & Bean, of Buffalo, N. Y. (Edwin T. Bean and Conrad Christel, both of Buffalo, N. Y., and Raymond W. Colton, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

Appellant seeks reversal of the decision of the Commissioner of Patents (speaking

through the First Assistant Commissioner), 62 USPQ 53, affirming the action of the Examiner of Trade-Marks denying appellant's application filed April 18, 1941, for the registration of the notation "Sani-Glas" as a trade-mark for glass bottles (the suffix "Glas," being disclaimed "apart from the mark") on the ground that it is confusingly similar to a prior registration (No. 77,-405) of the notation "Sanitop" as a trademark for use on identical goods—glass bottles.

The registration dated April 5, 1910, is in the name of Anthony F. McDonnell. It shows, in the usual manner, that it was renewed, the date of renewal, however, not being stated.

During the prosecution of the involved application in the Patent Office appellant presented certain papers upon which it based a claim that the reference mark should be considered to have been abandoned but no cancellation proceeding was instituted. An issue concerning that claim is raised before us in the reasons of appeal and is hereinafter discussed.

It is deemed proper to consider first the question of whether appellant's mark "Sani-Glas" so nearly resembles the registered mark "Sanitop" that the application of "Sani-Glas" to glass bottles would be "likely to cause confusion or mistake in the mind of the public or to deceive purchasers."

In our view that question requires but little discussion.

 The brief of the Solicitor for the Patent Office sets forth a long list of decisions in which compound marks having one or more syllables in common were held to be confusingly similar even though in some cases there was a wide difference in the remaining portions. This principle is so well established that we need not repeat the solicitor's citations.

The commissioner cited as parallel the comparatively recent case of Hygienic Products Company v. Huntington Laboratories, Inc., 139 F.2d 508, 31 C.C.P.A. Patents, 773, an opposition proceeding in which this court held "Toilet-San" ("Toilet" being disclaimed) and "Sani-Flush" both applied to goods used for identical purposes, to be confusingly similar, and commented as follows:

"So here, and for the same reason, applicant's mark is dominated by the word 'Sani,' and so here, applicant's mark and the mark of the reference are appropriated

to identical merchandise. And in my opinion there is greater resemblance between 'Sani-Glas' and 'Sanitop' than there is between 'Toilet-San' and 'Sani-Flush.'

It is asserted in the brief for appellant that "The use of the letters 'sani' is within the public domain." Should that view be accepted, it is clear that appellant would have nothing registrable, because the suffix "Glas" of its mark is descriptive and, for that reason, was disclaimed upon the suggestion of the examiner. The commissioner aptly said:

"* * * the word 'glas'. in applicant's mark is purely descriptive, and has been disclaimed for that reason; so that unless the prefix 'sani' be regarded as arbitrary, the mark as a whole is nonregistrable under the Act of 1905."

In its reasons of appeal appellant alleged error on the part of the commissioner in failing to discuss an alleged registration of the word "Sanijar," and the contention of appellant asserted to have been raised in its brief and argument before the commissioner as to the effect the action of the examiner in allowing it should have on the instant case.

 Neither the brief before the commissioner nor the alleged registration is included in the record before us. So, obviously, appellant is in no position to have it considered by us, but it is not improper to say that even if it be assumed that there was such a registration it could have no controlling influence in this case. If a mistake was made in granting that registration (and we express no view as to that), it would furnish no precedent justifying another improper registration. See Pepsodent Co. v. Comfort Manufacturing Co., 83 F.2d 906, 23 C.C.P.A. Patents, 1224, and cases therein cited.

With respect to the question of abandonment hereinbefore referred to, appellant, as has been stated, did not institute any cancellation proceeding in conformity with the statute, but contented itself with the presentation of certain papers upon the basis of which, it contended, the registered mark "Sanitop" should have been treated as having been abandoned.

Briefly, it appears that after the examiner's first rejection of appellant's application based upon the "Sanitop" registration an attorney (whose affidavit stating that he is associated with the firm of attorneys representing appellant is in the

record) wrote McDonnell. The letter said to have been so written is not in the record but the affidavit states that it asked "for quotations of prices, descriptive literature and a sample of a 'Sanitop' bottle." It does not appear that any reference was therein made to the trade-mark registration.

There was filed with the affidavit a paper which affiant stated was a copy of a letter he received in reply. In the letter Mc-Donnell stated, in substance, that he was sending the sample requested and that he also had a patented bottle and offered to send a sample of that if desired. The letter further stated:

"I have not sold any bottles since the early twenties and therefore do not know the price of bottles today but the price of these Sanitop bottles should not be any more than the price of ordinary crown finish bottles, plus the cost of royalty: twenty cents a gross. It being understood, of course, that no manufacturer can make these bottles without a license to make same."

The affidavit stated that the word "Sanitop" did not appear blown in the bottle which affiant received but that it was on a typewritten gummed label attached thereto.

It is noted that the certificate of registration states that the mark is applied "to the goods, and to the packages containing the same, by being blown into the glass, and on printed labels bearing the trade-mark, said labels being pasted on cartons and other containers containing the bottles."

■ Based upon (a) the statement in the affidavit that the bottle which affiant received did not have the mark blown into the glass and (b) the statement in McDonnell's letter that he had not sold any bottles since the early twenties, appellant insists that the mark should be held to have been abandoned.

We think the tribunals of the Patent Office properly declined to so hold.

■ If appellant believed that the Mc-Donnell mark had been abandoned and that it would be injured by the registration remaining uncancelled, it should, as a matter of orderly procedure, have brought an action for cancellation under section 13 of the trade-mark registration act, 15 U.S.C. § 93, 15 U.S.C.A. § 93, in which McDonnell would have had an opportunity to be heard. See In re Fred Wilcox & Co., 36 App.D.C. 107, 1911 C.D. 264.

There is nothing in the affidavit to indicate that the letter written to McDonnell gave him the slightest intimation that appellant believed or had any reason to believe that he had abandoned the mark and there is nothing in McDonnell's reply to indicate that he had abandoned it, or any of his rights under his registration.

Whether a question of abandonment properly may be raised and determined in an ex parte proceeding need not be passed upon here, because, upon the facts recited, it is clear that it should not be held that the registration involved had been abandoned.

The decision of the commissioner is affirmed.

Affirmed.

BLAND, Associate Judge (specially concurring).

I concur in the decision of the majority except that portion of it which relates to the question of abandonment of the mark, "Sanitop." I agree with the majority that appellant's showing that the mark had been abandoned was properly rejected by the Patent Office, but we should at least state the reasons why the Patent Office rejected the proof. The applicant, in his reasons of appeal to the Commissioner, urged that his showing of "long non-use of the trade-mark 'Sanitop'" should have been regarded as sufficient evidence of abandonment. The examiner had pointed out to the applicant that his proof did not show abandonment since use by an assignee or licensee is not negatived and no intent to abandon is shown.

The majority, on this phase of the case, state:

"With respect to the question of abandonment hereinbefore referred to appellant, as has been stated, did not institute any cancellation proceeding *in conformity with the statute,* but contended itself with the presentation of certain papers upon the basis of which, it contended, the registered mark 'Sanitop' should have been treated as having been abandoned." [Italics supplied.]

Then, after discussing the affidavit, the majority state, "We think the tribunals of the Patent Office properly declined to so hold." With this latter statement I agree.

Then the following is said:

"If appellant believed that the McDonnell mark had been abandoned and that it

would be injured by the registration remaining uncancelled it should, as a matter of orderly procedure, have brought an action for cancellation under section 13 of the trade-mark registration act, 15 U.S.C. § 93, 15 U.S.C.A. § 93, in which McDonnell would have had an opportunity to be heard. See In re Fred Wilcox & Co., 36 App.D.C. 107, 1911 C.D. 264."

While I agree that appellant's showing was not sufficient to justify the Patent Office in acting as if the alleged abandoned mark had in fact been abandoned I do not want to go on record as holding or intimating that cancellation is the only "orderly procedure" in this kind of case. The settled policy of the Patent Office on this question is disclosed in a letter by Leslie Frazer, First Assistant Commissioner, to Allen & Allen, Cincinnati, Ohio, dated January 21, 1946, which, probably under the authority of Trade-Mark Rule 88, points out that if "resort be had to cancellation, or were the old practice restored of declaring interferences in cases of this character, the Office would be unnecessarily burdened with some 180 more or less abortive inter partes proceedings each year, to its own detriment and to the detriment of those having legitimate business before it."

See Allen Flour Co. v. Braun, 1923 C.D. 113, 317 O.G. 241, holding what constituted a prima facie case of abandonment before the examiner of trade-marks under the old practice when subsequently an interference was declared in order for the Patent Office to attempt to give proper notice. Under numerous later manuscript decisions the practice has been changed and conforms to that which is stated in the above-quoted letter.

It is the settled practice of the Patent Office, which I think is not in conflict with the law, that without requiring resort to cancellation or interference proceedings it may accept proper and convincing evidence submitted by the applicant for registration (or from other sources) and from it may determine that the mark has been abandoned and accordingly withdraw it as a citation against the applicant. Of course, the proof on this question of fact must be convincing and not be subject to such objections as were pointed out by the Patent Office to the proof of the applicant in the instant case, or possibly to the other objections pointed out in the decision by the majority.

Moreover, the Wilcox case above cited is not in point. It had to do with a determination of whether a mark was descriptive, which question of law, of course, could not be controlled by the opinion or oath of an interested applicant alone.

O'CONNELL, J., joins in this concurring opinion.