33 C.C.P.A.(Patents)

**VITAL FOODS CORPORATION v. MILES LABORATORIES, Inc.**

**Patent Appeal No. 5150.**

Court of Customs and Patent Appeals.

June 11, 1946.

Earle D. Crammond, of Washington, D. C., and Almon S. Nelson, of Richmond, Va., for appellant.

Edward S. Rogers, William T. Woodson, and James H. Rogers, all of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents (speaking through the Assistant Commissioner), 63 U.S.P.Q. 303, affirming the decision of the Examiner of Trade-Mark Interferences sustaining the opposition of appellee to appellant's application for registration of the word "VitaMight," arranged in somewhat fanciful form, as a trade-mark for use on a concentrate of essential vitamins and minerals, the opposition being based upon appellee's alleged prior use and registration of the term "Vitamiles" for vitamin tablets.

The reasons of appeal before us raise no question as to the goods of the respective parties being of the same descriptive properties, nor does the brief for appellant suggest that they are not of the same descriptive properties. Appellant rests its case upon the difference between the marks, and the issue for our determination is narrowed to consideration of the resemblance of the marks.

The Trade-Mark Registration Act of February 20, 1905, under which appellant seeks the registration directs, inter alia, that "trade-marks * * * which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered." Sec. 5, U.S.C., Title 15, § 85(b), 15 U.S.C.A. § 85(b).

Considerable testimony was taken on behalf of appellant, but it is of no practical aid in passing upon the question of resemblance, the only issue here involved. The marks speak for themselves.

As has been stated, appellant's mark is arranged in somewhat fanciful form, the V and M being capitalized and printed in bold-faced type, and the remaining letters in small type. The petition for registration states that the drawing is lined to indicate red color. The specimens showing the mark as actually used, as they appear in the record before us, however, are black. We take it to have been anticipated that the term would become known in the trade as the name of the goods and that purchasers usually would call for the concentrate by that name—VitaMight. In the mark of appellee the letters are all capital in form, uniform in size, and plain in character. As in the case of appellant's product it is assumed that the mark is known in the trade as the name of the goods and that purchasers usually call for the tablets by the name—Vitamiles.

Because of the fanciful form of appellant's letters there is, of course, a certain difference in the appearance of the marks when compared side by side, but a mere difference in appearance is not of itself controlling.

It is noted that both marks are composed of two words, the first word in each being identical as are the first two letters of the

second word. Neither mark is hyphenated. When pronounced, there is obviously much similarity in sound.

Appellant contends, however, that there is a difference in the significance of the words "miles" and "Might"; that "miles" stems from appellee's corporate name while "Might" is suggestive of strengthening the body by use of the concentrates (which are in tablet form), and in this connection places great emphasis upon our decision in the case of Miles Laboratories, Inc., v. Foley & Co., 144 F.2d 888, 890, 32 C.C.P.A., Patents, 714, wherein we held "Vitamiles" and "Vitabuild" not to be confusingly similar.

In the course of our decision there we said: ·

"We do not think that either party to this controversy could successfully contend that it is entitled to preempt the field with respect to marks having 'Vita' as a portion thereof, and thus exclude all others from the use of any mark composed in part of that term, and it seems to us that 'miles' and 'build,' in fact, constitute the dominant features of the marks before us. It further seems to us that the complete marks, when the significance of each is properly considered, are distinctive in character and that confusion is not likely to result from their concurrent use on similar goods."

 We adhere, of course, to the view that Miles Laboratories, Inc. is not entitled to preempt the field with respect to marks having "Vita" as a portion thereof, for the reasons fully stated in our decision in that case, and in the instant case we think "miles" and "Might" in fact constitute the dominant features of the marks before us.

We think, however, that there is no such distinction between these dominant features, as existed with respect to "miles" and "build" in the cited case. Nor do we think the alleged difference in the significance of the words of the marks is controlling.

The question of priority of use is not here involved.

We feel constrained to agree with the view of the commissioner to the effect that confusion and mistake in the mind of the public and deception of purchasers as to origin would be likely to result from concurrent use of the marks on the goods of the respective parties. We think the commissioner was correct in the statement that "Whatever trademark significance the parts 'Vita' carried would only increase the likelihood of confusion."

The decision of the commissioner is affirmed.

Affirmed.