38 C.C.P.A.(Patents)

**CROWN OVERALL MFG. CO. v. EDWARD MAKRANSKY CO., Inc.**

No. 5772.

United States Court of Customs and Patent Appeals.

Feb. 6, 1951.

———◆———

Frank Zugelter and Gerald B. Tjoflat of Zugelter & Zugelter, Cincinnati, Ohio, and Donald A. Gardiner of Smith, Michael & Gardiner, Washington, D.C., for appellant.

George P. Kimmel and A. Harry Crowell of Kimmel & Crowell, Washington, D.C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 81 USPQ 539, affirming the decision of the Examiner of Trade-Mark Interferences (hereinafter referred to as the examiner) dismissing the notice of opposition of appellant (hereinafter referred to as opposer) to the registration of appellee (hereinafter referred to as applicant) of the single word "Cromvella," written, as stated by the Assistant Commissioner, in slanting script, as a trade-mark for "Men's topcoats, overcoats, sack coats and sport coats," and adjudging applicant entitled to the registration sought.

Use of the mark by applicant is alleged since July 1, 1946, and registration is sought under the Trade-Mark Act of February 20, 1905, now 15 U.S.C.A. § 1051 et seq.

In its notice of opposition opposer relies upon its prior use of the word "Crown" and pictorial representations thereof on goods of the same descriptive properties, the word and the symbol being embodied in registrations to opposer granted long prior to the date of use claimed by applicant. It particularly pleaded registrations No. 128,351 of January 6, 1920, and No. 199,341 of June 9, 1925.[1] The former shows parallel circumferential lines forming a double circle. In the space between the lines appears the word "Crown" in capital letters and at the center of the inner circle is a representation of a crown. The latter consists of the word "Crown" over the word "Adjust-alls" surrounded by lines which form a rectangle.

There is nothing about the word "Cromvella" which so much as suggests the idea of a crown. It seems to be an arbitrary or coined term, having no particular meaning aside from applicant's goods.

Opposer alleges that the mark "is confusing in that the first syllable thereof *could* readily be taken for the word 'Crown',

[1] The respective registrations, apparently in the forms used, were filed as exhibits with the notice of opposition and with them was another in which there appears the hyphenated notation "Crown-Head-light." No copy of the certificate of its registration appears in the record. As we view it, this exhibit is merely cumulative and adds no strength to opposer's case.

and that the casual observer upon seeing the trade-mark would believe that the mark consisted of the word 'Crown' with the letters 'ella' attached thereto, * * *." (Italics supplied.) Two witnesses, both of whom were connected with opposer, testified, in effect, that at least at first glance the term appeared to them to be the word "Crown" with the suffix "ella'" added thereto, and one of them (whose name is signed as counsel to the brief of opposer filed before us) quoted from a decision of this court written by the late Presiding Judge Graham, The American Products Co. v. Leonard, 53 F.2d 894, 19 C.C.P.A., Patents, 742, wherein we quoted with approval the statement of a witness in that case that "There is no such thing as a correct pronunciation for a trade-mark. It is pronounced in different ways by different people."

We adhere to our approval of that statement, but it is not supposed that many, if any, persons could be found who would give the pronunciation of "Crown" to the word "Crom," nor do we suppose that many would mistake the clearly written letters "mv" for "wn," so far as appearance is concerned.

We think it obvious that opposer, in its perfectly legitimate desire to protect its "Crown" trade-mark, made a mistake in instituting the instant proceeding. We quote with approval the following from the brief for applicant: The Opposer seeks a ruling that applicant's mark is other than what it plainly is and that if applicant's mark were such other than it is, that such other and different mark is confusingly similar to the mark of Opposer. Applicant knows of no legal authorities for any such decision by this Court.

In view of the fact that, as also stated in the brief for applicant, "there is no similarity of sound, spelling, appearance or significance" between the mark of applicant, as it now stands, and any of opposer's marks, we are unable to discern how any confusion would be likely to result from the use by applicant of its mark, and we agree that it is entitled to the registration sought and that the notice of opposition properly was dismissed.

The decision of the Assistant Commissioner is affirmed.

Affirmed.