39 C.C.P.A.(Patents)
**HOLLAND–RANTOS CO., Inc. v. HENRY LABORATORIES, Inc.**

Patent Appeal No. 5846.

United States Court of Customs and Patent Appeals.

March 18, 1952.

Edward G. Roe, New York City, for appellant.

A. Yates Dowell, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

On February 16, 1948, appellee filed an application for registration of its trademark for "Douche Powder For Feminine Hygiene," serial No. 549,804. On January 27, 1949, appellant filed its notice of opposition to the registration.

Neither party took testimony but both filed briefs and were present at the hearing.

The mark sought to be registered is composite in character in which the letters "H. L." appear within an equilateral triangle, the top side of which is in a horizontal position. A shadow is cast from the triangle on the left side thereof and the words "Feminine Hygiene" in script are written across the lower part of the triangle below which is the word "Powder" also in script. The words are disclaimed apart from the mark, as shown.

In its notice of opposition, appellant relies upon its mark "H R," registration No.

505,674, dated January 18, 1949, as applied to "Vaginal Jelly." The composite mark of appellant shows those letters in block form beneath a diamond-shaped figure, the top of the letters being contiguous to the bottom lines of the diamond.

It has not been denied that appellant is the prior user of its mark.

The Examiner of Interferences in his decision held that by reason of the close relationship of the goods of the parties confusingly similar marks when used simultaneously upon those products would prevent the registration sought.

It was contended by appellee that a comparison of the marks shows that there can be no possibility of confusion by reason of the letters in its mark and the differently formed design appearing thereon.

The examiner agreed with the contention of appellant that the dominant features of the two marks are the letters "H R" and "H. L." respectively.

It was his opinion that the triangle appearing in one mark and the diamond-shaped design in the other was not sufficient to eliminate confusion which was likely to arise from the use of what the examiner held to be the dominant features. The examiner compared the marks herein with those which appeared in R. C. Williams & Company, Inc., v. Wyandotte Chemicals Corporation, 69 USPQ 410; and those in the case of West Disinfecting Company v. Owen, 165 F.2d 450, 35 C.C. P.A., Patents, 843, stating that the letters appearing on the marks of the parties herein are as confusingly similar as those which appeared in the two cited cases. He further cited the case of Crystal Corporation v. Manhattan Chemical Mfg. Co., Inc., 75 F.2d 506, 508, 22 C.C.P.A., Patents, 1027, in which it was said that "We think the weight of the authorities strengthens the conclusion that appellant is entitled to a monopoly of a lettered trade-mark for baby powder to the extent that no newcomer has the right to adopt any lettered trade-mark which, by reason of similarity, would produce confusion." The opposition was sustained by the Examiner of Interferences.

The Examiner-in-Chief agreed that the involved products are too closely related to permit the registration of the same or confusingly similar marks. He also stated that the different forms of the respective products would only increase, rather than lessen, likelihood of confusion as to origin if the same or confusingly similar marks were used by the parties.

The Examiner-in-Chief disagreed with the decision of the Examiner of Interferences with respect to the similarity of the marks. He noted that the examiner was of opinion that the letters appearing in the marks are the dominant features of them, but stated that the examiner paid no attention to the designs. He held the involved designs not to be so subordinate that they should be disregarded when the letters are not identical. Therefore, he concluded that the letters in appellant's mark were formed so as to constitute an integral part of the whole design, and, as set out, are not remotely similar to the mark of appellee.

The Examiner-in-Chief discussed the West Disinfecting Company case, supra; the Crystal Corporation case, supra; and the R. C. Williams Co. case, supra, and was of opinion that those cases did not involve situations similar to the issue presented in this case where there is but one letter in common to the two marks and each mark includes a design different from the others.

From the decision of the Examiner-in-Chief this appeal was taken.

■ We do not think it necessary to re-examine our often pronounced holding that precedents in trade-mark cases are of very little, if any, importance in litigation such as this.

■ We have no doubt but that a visual examination of the respective marks shows that they are entirely dissimilar. It is obvious that the letters do not look alike, nor sound alike, and when taken as they should be in connection with the designs, we do not find sufficient similarity to justify a holding that there would be likelihood of confusion to the trade. Furthermore, it appears to us that from the nature of the products of the parties and the use to which

they are put, purchasers would be extremely circumspect in their choice.

We find no error in the decision of the Examiner-in-Chief and therefore the decision appealed from is affirmed.

Affirmed.