43 C.C.P.A.(Patents)
**HOLIDAY CASUALS**

v.

**M. BECKERMAN & SONS, Inc.**
**Patent Appeal No. 6167.**

United States Court of Customs
and Patent Appeals.
Dec. 8, 1955.

Theodore W. Miller, Chicago, Ill., for appellant.

Harold H. Levin, New York City, for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

COLE, Judge.

In this trade-mark opposition proceeding, the Examiner-in-Chief, acting for the Commissioner of Patents, reversed the Examiner of Interferences, and held that the marks "Happy Debs" and "Honeydebs," when applied to substantially identical goods, women's and children's footwear, were not confusingly similar. The mark sought to be registered is "Happy Debs," application serial No. 600,806, filed July 18, 1950, under the Act of 1946, 15 U.S.C.A. § 1051 et seq. Opposer is the owner of the marks, "Holidebs," registration No. 418,707, dated January 8, 1946, and "Honeydebs," registration No. 544,108, dated June 19, 1951. The controlling, if not the only, error relied upon by the appellant is that the Commissioner erred in holding that "Happy Debs" is not confusingly similar to "Honeydebs." No reliance is placed upon appeal on the mark "Holidebs."

We find no difficulty whatever in agreeing with the Commissioner as pointed out in this portion of his opinion:

"The only question involved is whether the mark sought to be registered so resembles the registered marks as to be likely, when applied to applicant's goods, to cause confusion or mistake. The examiner held 'Honeydebs' to be the mark of op-

poser closest to applicant's mark and considered only this mark in comparing the respective marks. The examiner held 'Happy Debs' and 'Honeydebs' confusingly similar in view of the identity of the last portions of the two marks and certain similarities, namely the same number of syllables and letters and the same initial and terminal letters, in the first portions of the marks.

"In holding the marks confusingly similar I do not believe that the examiner paid sufficient attention to the nature and meaning of the words involved. Both happy and honey are common words of everyday usage with well understood different meanings; these words would not be apt to be confused by purchasers of women's and girls' shoes. The word 'deb' is a colloquial expression for debutante, and 'debs' would refer to a class of young ladies. I do not believe that 'Happy Debs' and 'Honeydebs' would be any more confusingly similar to purchasers of shoes for young ladies than 'Happy Girls' and 'Honey Girls' would be, or 'Happy Misses' and 'Honey Misses.' "

Three points are urged in appellant's brief as reasons for reversal:

"1. Sound and appearance alone may create confusion. [Citations omitted.]

"2. Third Party Registrations must show such familiarity by the public of the term 'Debs' that it would give no consideration thereto. [Citation omitted.]

"3. Marks must be considered in their entireties and when this is done they should be deemed confusingly similar even if common portions 'Debs' are in common use. [Citations omitted.]"

■ As to the first point—"Sound and appearance alone may create confusion" —there can be no doubt but that it is correct as a rule of law. McKinnon & Co. v. Hy Vis Oils, Inc., 88 F.2d 699, 700, 24 C.C.P.A., Patents, 1105. The problem here, however, is whether the rule applies in this case. We do not believe it does, as it is our opinion that the sound and appearance of the marks, taken together with the meaning, make them sufficiently distinct to avoid likelihood of confusion. In the McKinnon case— strongly relied upon by appellant—the court in holding the marks "HyVis" and "Highpres" confusingly similar came to the correct conclusion that, "While it is true that there are three factors to be considered in passing upon similarity of marks, viz., meaning, appearance, and sound, it does not follow that confusion can be found to be likely only where a combination of these factors exists, but sound alone or appearance alone may be sufficient to create likelihood of confusion." The rule that is clearly applicable here, however, and which we must follow, is stated as follows in the Coty and Continental Coffee cases. In Coty, Inc., v. Perfumes Habana, S. A., 190 F. 2d 91, 94, 38 C.C.P.A., Patents, 1180, we said,

"The issue of confusing similarity must be resolved by comparing the appearance, sound, and meaning of the respective marks and evaluating those three factors in their entirety as assembled in each contested mark."

In Continental Coffee Co., Inc., v. Continental Foods, Inc., 202 F.2d 759, 761, 40 C.C.P.A., Patents, 865, we held that "Favora" and "Flavorite" were not confusingly similar, pointing out that the basic words upon which the marks were built "are distinctive words having entirely different meanings."

■ The second point—"Third Party Registrations must show such familiarity by the public of the term 'Debs' that it would give no consideration thereto" —refers to the introduction in the record by applicant of numerous trade-mark registrations in which "Deb" or "Debs" was used as an integral part of marks for women's wearing apparel. We will disregard this point, inasmuch as the third party registrations have been given no weight in our decision. It should be pointed out, as was done by appellee in his brief, that the purpose of citing

the third-party registrations was not for the purpose of attacking appellant's marks, but for the purpose of showing the meaning and usage of the word in the trade. We find that the trade use is no different from the common meaning of which this court is fully aware.

The third point—"Marks must be considered in their entireties and when this is done they should be deemed confusingly similar even if common portions 'Debs' are in common use"—is convincingly and clearly disposed of in the opinion in behalf of the Commissioner quoted supra. To hold otherwise would be to fail to consider the marks in their entireties. As pointed out above, one of the elements which must be considered on the issue of confusing similarity is that of the meaning of the marks. To hold that the marks are confusingly similar would be to disregard the common meaning and uses of the words "Happy" and "Honey." Considering the sound, meaning and appearance of the marks together, we find that the similarities in sound and appearance of the marks are not sufficiently great to outweigh the great disparity in meaning, and thus we do not believe that there is a likelihood of confusion between the marks.

In thus disposing of this litigation, we have found it unnecessary to comment on many decisions cited in the briefs wherein the alleged similarity of marks has been the subject matter. None of them have impressed us as useful in this case as precedent one way or the other. As is well recognized, each trade-mark case wherein confusing similarity is the issue must be determined by the court on its own individual merit. As was stated in Eureka Williams Corp. v. McCorquodale, 205 F.2d 155, 157, 40 C.C.P.A., Patents, 1028, "holdings in current cases as to similarity are seldom influenced by, or based upon precedent."

The decision of the Commissioner of Patents must be affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate.